# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

v.     CASE NO. 8:10-cr-270-JDW-TGW

KENNETH MARQUISE LEE

_____/

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the defendant's Motion to Unfreeze his Inmate Trust Account (Doc. 92), the United States' opposition thereto (Doc. 96) and the United States' Motion to Authorize Payment from Lee's Inmate Trust Account (Doc. 95). The motions, which were referred to me, concern the disposition of $4,500 in the defendant's inmate trust account.

Because the defendant is required to apply those funds to reduce his restitution debt, I recommend that the defendant's Motion to Unfreeze his Inmate Trust Account (Doc. 92) be denied and the United States' Motion to Authorize Payment from Lee's Inmate Trust Account (Doc. 95) be granted.

I.

In May 2010, the defendant was charged in a 5-count indictment alleging theft of firearms, in violation of 18 U.S.C. 922(u) and 2; Hobbs Act robbery, in violation of 18 U.S.C. 1951(a) and 2; conspiracy to commit robbery, in violation of 18 U.S.C. 1951; carrying a firearm that was discharged during and in relation to the robbery, in violation of 18 U.S.C. 924(c)(1)(A)(ii) and (2); and felon in possession of firearms, in violation of 18 U.S.C. 922(g)(1) (Doc. 1). The charges related to the defendant's and co-defendant's robbery of 32 guns from a hardware store, after which they robbed a convenience store and fired several rounds of bullets, injuring two store clerks (see Doc. 1; Doc. 28, pp. 9–11).

The defendant pleaded guilty to Hobbs Act robbery and possession of a firearm that was discharged during, and in relation to, a crime of violence (Docs. 28, 41). U.S. District Judge James D. Whittemore sentenced the defendant to 295 months of imprisonment, with restitution to be determined at a later date (Doc. 54).

Thereafter, Judge Whittemore conducted an evidentiary restitution hearing (see Docs. 56, 82). He ordered the defendant to make restitution in the amount of $55,567.66, which is owed jointly and severally with the co-defendant (Doc. 60). Due to the defendant's lack of financial

means, the court instituted a Schedule of Payments requiring the defendant to make small quarterly or monthly payments toward the restitution debt while he is in prison (id., p. 7). The Schedule of Payments also includes a clause that "[t]he Court reserves jurisdiction to modify the terms of payment on proper motion demonstrating a material change in defendant's ability to comply with these terms" (id.). As of November 2020, the defendant had paid $1,150 towards restitution and his inmate trust account had a balance of $4,750.21 (Doc. 92, p. 1; Doc. 95, p. 2).

On October 19, 2020, the court received a letter from the defendant which stated that, "On September 25, 2020 my inmate account ... [was] frozen for approximately $4,500.00 ..." (Doc. 92). He requests the court to unfreeze these funds.

The defendant, apparently assuming that the freeze on his inmate account was related to his restitution debt, stated (id., pp. 2–3):

> I've currently been making payments of $50.00 every quarter here in the BOP and this payment plan was set by my counselor which I agreed to.
>
> My current income is from friends that I've met while in prison, family and my past job .... I've been saving my money because if I was to be released from prison today I would be homeless. I'm not avoiding paying my restitution at all. [I]n fact my goal was to make an investment so that I could have everything I owe paid off within the next 2 years.

3

> With the Government freezing the $4,500.00 on my account ... it will set me back on what I intended to have done with my restitution debt within the next 2 years.

In closing, the defendant requests the court to unfreeze his account "so that [he] can continue on what [he] set out to do with [his] goals and [his] restitution" (id., p. 3). The court construed this correspondence as a motion to unfreeze the defendant's inmate trust account and directed the United States to respond to the defendant's motion (Doc. 93).

The United States filed, simultaneously, a Response in Opposition to Unencumber Lee's Inmate Trust Account (Doc. 96) and a Motion to Authorize Payment from Lee's Inmate Trust Account (Doc. 95). The United States asserts in its motion that, pursuant to 18 U.S.C. 3664 and 3613, the $4,500 in the defendant's inmate trust account must be paid towards his outstanding restitution debt of $49,697.14 (Doc. 95, p. 2).[1] The motions were referred to me.

On November 3, 2020, the Court forwarded a copy of the United States' motion and response to the defendant and gave him 14 days to respond to the motion (see Doc. 97). After failing to respond to the United

---

[1] Although the defendant personally paid $1,150 towards restitution, he has been credited $6,070.52, reducing his restitution balance to $49,697.14 (Doc. 95, p. 2, n.1).

4

States' motion as directed, I extended the response deadline to December 10, 2020, and advised the defendant "that the court will thereafter take the matter under advisement" (Doc. 98). To date, the defendant has not filed a response to the United States' motion.

## II.

The United States argues that, pursuant to 18 U.S.C. 3613 and 18 U.S.C. 3664, the Bureau of Prisons must be ordered to remit the $4,500 in the defendant's inmate trust account to the Clerk of Court for payment toward his outstanding restitution (Doc. 95, p. 1).

A sentence imposing restitution constitutes a lien in favor of the Government against all of a defendant's property, and rights to property, just as if the government held a tax lien on the person's property. 18 U.S.C. 3613 (c), (f). Thus, a lien in favor of the United States against the defendant's property arose upon entry of the defendant's restitution order and continues for 20 years or until the liability is satisfied. §3613(c).

The lien, furthermore, extends to substantial resources acquired by the defendant while in prison. Thus, Section 3664(n) of Title 18 provides:

> If a person obligated to provide restitution ... receives substantial resources from any source ... during a period of incarceration, such person shall be required to apply the value of such resources to any restitution ... still owed.

5

See United States v. Giles, 819 Fed. Appx. 899 (11th Cir. 2020), citing §3664(n); United States v. Baxter, 694 Fed. Appx. 762 (11th Cir. 2017) (affirming, under section 3664(n), the removal of funds from the defendant's inmate account to reduce his criminal fine).

In Giles, the defendant objected to appropriation of thousands of dollars from his inmate trust account to reduce his restitution debt. The Eleventh Circuit affirmed the district court's order instructing the Bureau of Prisons to remit the funds to pay his restitution. It explained: "Because [the defendant] [i]s 'obligated to provide restitution ... when he receive[s] substantial resources from any source ... during his period of incarceration, he [i]s required to apply the value of such resources to [the] restitution ... [he] still owe[s]." 819 Fed. Appx. 899, quoting §3664(n).

In this case, the defendant has a restitution debt of almost $50,000, and his inmate trust account contained more than $4,500 at the time this motion was filed, which is clearly a substantial sum (see, e.g., Doc. 95, p. 4 (Government citing cases finding that sum, or less, is a substantial resource)). The defendant did not file a response to the United States' motion and, therefore, he does not attempt to argue that §3664 is

inapplicable, or that the funds are exempt property under §3613(a).[2] Therefore, the United States' lien attaches to the funds in the defendant's inmate trust account and the $4,500 is properly remitted to reduce the defendant's restitution debt. See United States v. Giles, supra, 819 Fed. Appx. 899; United States v. Baxter, supra, 694 Fed. Appx. 762.

The defendant states in his motion two objections to using his inmate trust fund towards his restitution debt, neither of which is meritorious. He argues first that he "do[es]n't have any assets, bank accounts or property" and that his "current income is from friends ... [and] family..." (Doc. 92, pp. 1, 2). This contention fails because the funds in the defendant's inmate trust are his assets and §3664(n) applies to "substantial resources from any source" during his incarceration (emphasis added). See United States v. Giles, supra, 819 Fed. Appx. at 900 (citations omitted) (Money in an inmate trust account "from family, friends, and prison wages" is subject to appropriation because "the government is permitted to use 'all available and reasonable means' ... to enforce the 'right [of victims] to full and timely restitution as provided by law.'").

---

[2]Additionally, by signing the plea agreement, the defendant acknowledged that the court "shall order the defendant to make restitution to any victim of the offense(s)" pursuant to 18 U.S.C. 3663A (Doc. 28, p. 5). Section § 3663A(d), in turn, states that "[a]n order of restitution made pursuant to this section shall be issued and enforced in accordance with section 3664."

The defendant also argues that he has complied with his agreement to make quarterly restitution payments of $50.00, indicating that the Government therefore should not be permitted to appropriate other funds (Doc. 92, p. 2). This argument fails because the defendant's payment schedule, which was due to his inability to pay at sentencing, was expressly subject to modification. Thus, the Amended Judgment specifies that the court "reserves jurisdiction to modify the terms of payment on proper motion demonstrating a material change in defendant's ability to comply with these terms" (Doc. 60, p. 7); see also id., p. 1). See 18 U.S.C. 3664(k) (the court, upon notification of a material change in economic circumstances, may "adjust the payment schedule, or require immediate payment in full"); see also United States v. Bowen, No. 05-cr-425, 2017 WL 13763142, **4–5 (D. Co. 2015) (listing cases rejecting the contention that compliance with a payment plan precluded the Government from pursuing other avenues to recover the restitution). The defendant's inmate trust account balance of nearly $5,000 clearly qualifies as a material change warranting modification of the payment plan.

Finally, the defendant argues that he planned to invest those funds or use them for sustenance once he is released from prison (in 12 years) (Doc. 92, p. 2). The only exemptions to the lien are categories of property

contained in §3613(a), none of which involve cash funds. Therefore, even if the defendant alleged he was using those funds to buy clothes or personal provisions in prison, the funds would not be exempt from levy. United States v. Giles, supra, 819 Fed. Appx. at 900. Accordingly, the defendant's inmate trust account is not exempted from payment of his restitution debt.

For the foregoing reasons, I recommend that the defendant's Motion to Unfreeze his Inmate Trust Account (Doc. 92) be denied and the United States' Motion to Authorize Payment from Lee's Inmate Trust Account (Doc. 95) be granted. Accordingly, I recommend that the Bureau of Prisons be ordered to pay $4,500 in the defendant's inmate trust account to the Clerk of Court for payment toward his restitution obligation.[3]

Respectfully submitted,

_Thomas G. Wilson_
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JANUARY 26, 2021.

---

[3] No garnishment proceeding under the FDCPA is necessary because the property is already within the Government's control. See United States v. Leitman, No. 10-20883; 2016 WL 11464669 at *7 (S.D. Fla.) (citing cases that it is permissible for the Government to obtain, by a motion, funds to satisfy a restitution order); United States v. Bradley, 644 F.3d 1213, 1309 (11th Cir. 2011) (Although FDCPA procedures prescribed are "exclusive," the Act does not "curtail or limit the right of the United States under any other Federal law or any State law ... to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case." 28 U.S.C. 3003(b)(2)).

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.